OBA #2598 and OBA #8478
Prayer in excess of $75,000

FILED

MAY 1 0 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

LARRY EDWARDS,                          )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )   Case No. _____
                                        )
1. METROPOLITAN LIFE INSURANCE          )
   COMPANY, a Corporation; and          )
                                        )
2. PENSKE TRUCK LEASING,                )
   a Corporation.                       )
                                        )
          Defendants.                   )

CIV 1 0 - 1 7 3 - K E W

## COMPLAINT

Comes now Plaintiff LARRY EDWARDS ("EDWARDS"), and states as follows:

### Introduction and Jurisdictional Facts

1.      Plaintiff EDWARDS was at all times pertinent hereto a resident of Haskell, Muskogee County, and a citizen of Oklahoma.

2.      Defendant METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE") was at all times pertinent hereto a corporation, and it was licensed and engaged in the insurance business in numerous states including Oklahoma.

3.      Defendant PENKSE TRUCK LEASING ("PENSKE") was at all times pertinent hereto a corporation, and it was engaged in the motor vehicle leasing business in numerous states including Oklahoma.

1

consent given

OBA #2598 and OBA #8478
Prayer in excess of $75,000

4.      Plaintiff EDWARDS was at all times pertinent hereto a participant in and a beneficiary of an employee welfare benefit plan, established by his employer, PENSKE, pursuant to the Employee Retirement Income Security Act of 1974, a/k/a ERISA, *29 U.S.C. Secs. 1001, et. seq.* The employee welfare benefit plan included a long term disability ("LTD") plan, that was funded by a combination of employer and employee contributions and was underwritten and administered by Defendant METLIFE for PENSKE's Group No. 105627.[1]

5.      Therefore, this Court has subject matter jurisdiction of this action.

### Breach of Disability Insurance Contract Claim under ERISA

6       Plaintiff EDWARDS was at all times pertinent hereto employed as a mechanic by PENSKE in Oklahoma.

7.      On or before February 14, 2005, Plaintiff EDWARDS became totally disabled from performing the material, normal, and regular duties of his occupation as a mechanic, as well as from performing any gainful employment or occupational for which he was qualified by education, training, or experience because of:

A.      severe intractable lumbar discogenic pain syndrome with associated radiculopathy into both lower extremities;

B.      chronic pain and limitation involving the right shoulder due to impingement syndrome;

C.      chronic pain and limitation involving the left shoulder due to glenoid labral tear, rotator cuff tear and impingment syndrome;

---

[1] See copy of Penske Long-Term Disability Summary Plan Description attached hereto as Exhibit 1 and made a part hereof by reference

OBA #2598 and OBA #8478
Prayer in excess of $75,000

D    recurrent severe chronic coccygeal pain secondary to coccygeal fracture;

E.    right knee chronic pain and limitations of mobility following patella knee surgery and medial meniscus revision;

F.    bilateral neurosensory hearing loss with tinnitus that impairs the ability to understand conversations and understand conversation with background noise

G.    chronic left and wrist pain and weakness due to a prior comminuted Fracture requiring surgical repair with instrumented fusion;

H.    diabetes mellitus;

I.    chronic obstructive pulmonary disease status post myocardial infarction

J.    short term memory deficit with episodes of decreased cognitive function and inability to concentrate and focus upon tasks, as a result of chronic use of pain control medications and neuropathic medications.

8.    Plaintiff EDWARDS has been, since before February 14, 2005, and he continues to be under active medical treatment for the aforementioned medical conditions and physical impairments.

9.    Plaintiff EDWARDS has been, since before February 14, 2005. and he continues to be totally disabled from performing the material, normal, and regular duties of his occupation as a mechanic for PENSKE, as well as from performing the material, normal, and regular duties of any employment or occupation for which he is or may be qualified and suited by education, training, and or experience, since before February 14, 2005, all as a result of such medical conditions and physical impairments.

10.    Plaintiff EDWARDS submitted claim no. 660505206206 , under Group No. 105627, for LTD benefits to Defendants, with a commencement date of February 14, 2005,

OBA #2598 and OBA #8478
Prayer in excess of $75,000

and Defendants approved, authorized, and paid such disability benefits in the amount of

$1,500.00 per month under the "regular occupation" provisions of the Defendants' plan

from February 14, 2005, until February 14, 2007, at which time he became eligible for

continuing LTD benefits under the "any occupation" provisions of the Defendants' plan.

      11.     On May 31, 2007, Defendant MetLife's LTD Case Manager Ginger Martin

sent Plaintiff a letter[2] advising and notifying him, among other things, that:

> "We are writing regarding your Long Term Disability benefits. Your Long Term Disability claim was limited to 24 months under the following plan provision.
>
>                *                 *                 *
>
> You reached 24 months of benefits on 2/14/2007, and your claim was closed. We have reviewed the medical documentation submitted to determine if you are Disabled from a medical condition not included in the above referenced provision. We regret to inform you that continued benefits have been denied."
>
>                *                 *                 *
>
> In the event your claim was denied in whole or in part, you may appeal this decision by sending a written request for appeal to:
>
>      MetLife Disability
>      P.O. Box 14592
>      Lexington, KY 40511-4592
>
> If you disagree with our d etermination and intend to appeal this clam decision, you must submit a written appeal. This appeal must be received by us within 180 days of receipt of this letter and should be sent to the Life Insurance Company of North America representative signed this letter to the address noted on the letterhead."

      12.     Thereafter Plaintiff EDWARDS perfected a timely administrative appeal of

Defendant METLIFE's decision to terminate his LTD benefits.

---

     [2] See letter dated May 31, 2007, from Defendant METLIFE's LTD Case Manager Ginger Martin, a copy of which is attached hereto as Exhibit 2, and made a part hereof by reference.

OBA #2598 and OBA #8478
Prayer in excess of $75,000

13.     On February 11, 2008, Defendant METLIFE's Appeal Claims Specialist

Sharon O'Conner advised Plaintiff's attorney James Lowell by letter dated February 11,

2008, as follows:

> "We will notify you in writing of our determination when the appeal
> review is complete."[3]

14.     On May 9, 2008, Defendant METLIFE issued its final denial of Plaintiff's

administrative appeal by letter from its Appeal Claims Specialist Sharon O'Connor to

Plaintiff's attorney James Lowell,[4] that stated in pertinent part as follows:

> Mr. Edwards' employer's LTD plan indicates that the maximum
> period of disability that the Plan will consider for disabilities due to a neuro-
> musculoskeletal and soft tissue disorder will be 24 months, unless he has
> evidence of seropositive arthritis, spinal tumors, malignancy, or vascular
> malformations, radiculopathies, , myelopathies, traumatic spinal cord
> necrosis, or musculopathies. . . In summary the medical records do not
> objective evidence of any of the exclusionary diagnosis required by your
> client's employer's Plan, most specifically radiculopathy.  Therefore,
> because Mr. Edwards has received the maximum period of disability
> that the Plan will consider for his diagnoses, it has been determined that
> the original claim determination was appropriate and benefits will remain
> terminated effective February 14, 2007.
>
> *          *          *
>
> **Mr. Edwards has exhausted his administrative remedies under the
> Plan and no further appeals will be considered."**

15.     Defendants' determination that Plaintiff EDWARDS was not disabled

---

[3] See letter dated February 11, 2008, from Defendant METLIFE's Appeal Claim
Specialist Sharon O'Connor to Plaintiff, copy of which is attached hereto as Exhibit 3
and made a part hereof by reference.

[4] See Defendant METLIFE's letter dated May 9, 2008, to Plaintiff EDWARDS'
attorney James E. Lowell, copy of which are attached hereto as Exhibit 4, and made a
part hereof by reference.

OBA #2598 and OBA #8478
Prayer in excess of $75,000

according to conditions, definitions, and terms of Defendants' LTD Plan after February 14,

2007, was:

    A.    not supported by any substantial evidence;

    B.    based upon incomplete compilation and evaluation of medical and or vocational records;

    C.    contrary to the clear weight of the medical evidence from Plaintiff's treating physicians and the vocational evidence;

    D.    arbitrary and capricious;

    E.    constituted a breach of the LTD Plan and the insurance contract; and

    F.    an abuse of discretion and fiduciary duty.

    16.    Defendants METLIFE and PENSKE, capriciously, and without just cause,

breached the terms and conditions of PENSKE's employee welfare benefit plan, as well

their fiduciary duties as administrator(s) and insurer(s) for an ERISA plan, and they

wrongfully denied payment of long term disability benefits due and owing to Plaintiff in

the approximate amount of $1,500.00 per month.

    17.    Wherefore, Plaintiff LARRY EDWARDS respectfully prays the Court to

enter judgment in his favor and against Defendants METROPOLITAN LIFE INSURANCE

COMPANY and PENSKE TRUCK LEASING as follows:

    A.    payment of past due long term disability benefits accrued since February 14, 2007, in the amount of $1,500.00 per month, together with interest;

    B.    reinstatement of and resumption of payment of long term disability Insurance benefits; and

    C.    taxable costs of this action including reasonable attorneys' fees.

OBA #2598 and OBA #8478
Prayer in excess of $75,000

Gary A. Eaton, OBA 2598
Wm. E. Sparks, OBA 8478
Eaton & Sparks
Attorneys for Plaintiff
1717 East 15th Street
Tulsa, OK 74104
(telephone:  918 743 8781)
(facsimile:    918 744 0383)